Michele Anderson-West (9249)
Austin B. Egan (13203)
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
austin@stavroslaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH-CENTRAL DIVISION**

| | |
|---|---|
| JAIME M. TRACY, <br><br> Plaintiff, <br> v. <br><br> YOUTH HEALTH ASSOCIATES, INC., <br><br> Defendant. | **COMPLAINT** <br><br> (JURY DEMAND) <br><br> Case No. <br><br> Judge |

Plaintiff Jaime M. Tracy, by and through her undersigned counsel, complains against Defendant Youth Health Associates, Inc., and for causes of action, alleges Defendant violated the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and the Utah Antidiscrimination Act, Utah Code Ann. §34A-5-101, et. Seq. both as amended.

**PARTIES**

1. Ms. Tracy is a resident of Weber County, State of Utah.

2. Defendant Youth Health Associates, Inc. is a for-profit domestic corporation doing business in Weber County, State of Utah.

3. Defendant is an "employer" as that term is defined in Title VII and the UADA.

1

4. Defendant is engaged in an industry affecting commerce and has fifteen or more employees.

5. All the acts and omissions giving rise to this action occurred within the State of Utah.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## ADMINISTRATIVE REMEDIES

7. Ms. Tracy filed her Charge of Discrimination with the Utah Anti-Discrimination and Labor Division and EEOC on May 5, 2019.

8. The EEOC issued a Dismissal and Notice of Right to Sue dated April 22, 2020.

9. This action is timely commenced within 90 days of Ms. Tracy's receipt of the Dismissal and Notice of Right to Sue.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b).

11. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

13. Ms. Tracy is a Licensed Clinical Social Worker, female and gay.

14. Defendant hired Ms. Tracy on or around August 24, 2015 to work as a mental health therapist in a group home for male youth, located in Clearfield, Utah.

15. Ms. Tracy's starting yearly salary was approximately $46,000.

16. Ms. Tracy was well qualified for the position.

17. Ms. Tracy always met or exceeded Defendant's expectations as a mental health therapist, which is memorialized on her yearly reviews.

18. In late October 2018, Defendant promoted Ms. Tracy to Clinical Director and with the promotion, increased her salary to $62,000 per year.

19. Ms. Tracy always met or exceeded Defendant's expectations as Clinical Director, up to the time she was terminated.

20. In February 2019, Ms. Tracy announced her engagement.

21. One of Ms. Tracy's colleagues asked "his" name.

22. Ms. Tracy told the colleague and the others gathered there, that she was marrying her girlfriend, Melissa.

23. Prior to the February 2019 engagement announcement, Ms. Tracy had not discussed her sexual orientation with anyone at work.

24. Prior to announcing that she was marrying another woman, all of Ms. Tracy's assignments, wage increases, and other benefits were based on her merit.

25. Prior to announcing that she was marrying another woman, all of Ms. Tracy was treated with the respect she earned as a contributing member of the therapist team.

26. On April 4, 2019, Ms. Tracy started work, as usual, around 8:50 a.m.

27. Around 3:00 p.m., during one of Ms. Tracy's group mental health counseling sessions, Defendant's employee Nick Browning ("Browning") called Ms. Tracy out of the counseling session.

28. Ms. Tracy recognized Browning as Defendant's "IT" guy and thought he was there to ask about her computer.

29. Instead, Mr. Browning walked Ms. Tracy to her office and said her employment with Defendant was terminated "effective immediately."

30. Mr. Browning told Ms. Tracy the reason for her abrupt termination was that Defendant was "going in a different direction."

31. Mr. Browning left and Ms. Tracy sat at her desk, sobbing, and wondering what to do next.

32. She called Brian Garlock (Defendant's CEO) and Matt Clark (Ms. Tracy's supervisor) for an explanation.

33. Neither answered their phones.

34. Ms. Tracy packed her personal belongings and left.

35. Prior to her termination, Ms. Tracy was not written up or disciplined in any way.

36. Her termination was seven (7) months after her promotion to Clinical Director.

37. Her termination was seven (7) weeks after Defendant learned Ms. Tracy is gay.

38. Thereafter, Ms. Tracy filed for unemployment insurance.

39. Defendant disputed Ms. Tracy's eligibility for unemployment alleging she was fired for just cause.

40. Defendant told Workforce Services that Ms. Tracy was terminated due to her "poor performance."

41. Defendant told Workforce Services that Ms. Tracy was terminated because she was "not qualified."

42. Defendant told Workforce Services that Ms. Tracy's termination was connected to the October 2018 verbal warning, saying Ms. Tracy broke "a rule."

43. The October 2018 verbal warning concerned a telephone call between Ms. Tracy and an insurance representative. Ms. Tracy was on a field trip with her daughter and answered her phone. The call with the insurance representative ended abruptly. The insurance representative contacted Defendant and complained about the phone call.

44. Defendant's other employees, who are not of Ms. Tracy's protected class were not subjected to similar adverse treatment. For example,

   a. A heterosexual female therapist is still employed with Defendant even though she violated company policy and engaged in sexual encounters with male staff members.

   b. Mr. Browning is still employed with Defendant even though (1) he did a poor job while he worked as a therapist, with numerous complaints. Instead of being terminated, Defendant moved him to handle out of state contracts; (2) he did a poor job in his next position, handling out of state contracts, with numerous complaints. Instead of being terminated, Defendant moved him to IT-where he was then given the task of terminating Ms. Tracy.

45. Defendant also told Workforce Services Ms. Tracy was paid "vacation pay" which was not paid and was not a benefit Defendant offered.

46. Workforce Services denied Ms. Tracy unemployment benefits.

47. Ms. Tracy appealed, and the administrative law judge reversed the decision and allowed benefits.

because Ms. Tracy was not at fault for her termination.

48. Ms. Tracy suffered, and continues to suffer damages due to Defendant's actions, including but not limited to, lost wages, compensatory damages, medical bills, attorney's fees, costs, severe emotional distress, and post-traumatic stress.

## FIRST CAUSE OF ACTION
*(Sex Discrimination-Title VII)*

49. The preceding paragraphs are incorporated herein by reference.

50. Ms. Tracy is a member of protected classes-she is female and gay.

51. Ms. Tracy was well qualified for her position as mental health counselor which is confirmed by her promotion to Clinical Director.

52. Between August 2015 and February 2019, Defendant did not know Ms. Tracy was gay.

53. In February Ms. Tracy announced her engagement to her girlfriend.

54. Seven (7) weeks later she was fired.

55. Defendant would not have fired Ms. Tracy but for her sexual orientation.

56. As a result of Defendant's unlawful discrimination, Ms. Tracy suffered damages and is entitled to recover damages for lost wages and benefits, compensatory damages, costs, attorneys' fees, and other such relief as determined under law.

57. Ms. Tracy is also entitled to an award punitive damages because of Defendant's willful violations.

## SECOND CAUSE OF ACTION
*Sex and Sexual Orientation Discrimination*
*Utah Anti-discrimination Act*
*Utah Code Ann. §34A-5-101, et. seq.*

58. Defendant terminated Ms. Tracy's employment as Clinical Director because of her sex and sexual orientation.

59. Ms. Tracy was well qualified for her position.

60. Ms. Tracy maintained and/or exceeded the requisite education and certifications.

61. Ms. Tracy maintained and/or exceeded the requisite training requirements.

62. Ms. Tracy always maintained moral character and integrity that was beyond reproach (except, according to Defendant, after she announced her engagement to another woman).

63. Ms. Tracy maintained an excellent work ethic, disposition to work and adherence to Defendant's rules and regulations.

64. Yet, despite meeting or exceeding the above-criteria, Defendant terminated Ms. Tracy's employment 7 weeks after being notified Ms. Tracy is gay.

65. But-for being gay, Ms. Tracy would still work for Defendant.

66. As a result of Defendant's unlawful discrimination, Ms. Tracy suffered damages and is entitled to recover damages for lost wages and benefits, compensatory damages, costs, attorneys' fees, and other such relief as determined under law.

67. Ms. Tracy is also entitled to an award punitive damages because of Defendant's willful violations.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial before a jury.

## **CONCLUSION & REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a.  Enter judgment in favor of Plaintiff and against Defendant.

b.  Award lost pecuniary and non-pecuniary damages as appropriate.

c.  Award punitive damages.

c.  Enter judgment in favor of the Plaintiff ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees.

d.  Enter a judgment awarding prejudgment on all unpaid wages.

e.  Enter a judgment awarding post-judgment interest at the applicable statutory rate.

f.  Award such other relief as the Court deems just and equitable.

Respectfully submitted this 21st day of July 2020.

    /s/ Michele Anderson-West
Michele Anderson-West
Austin B. Egan
STAVROS LAW P.C.
*Attorneys for Plaintiff*

8