FILED
2021 JUN 9
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JAMIE TRACY, <br><br> Plaintiff, <br> v. <br><br> YOUTH HEALTH ASSOCIATES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND <br><br> Case No. 1:20-cv-88 <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Jamie Tracy moves the court for an amended scheduling order. Plaintiff seeks an amended scheduling order to reopen fact discovery and extend deadlines by 60 days. Defendant opposes the motion arguing that Plaintiff cannot show good cause or excusable neglect to amend the schedule. For the reasons that follow, the court agrees with Defendant and DENIES Plaintiff's Motion.[1]

BACKGROUND

This case arises from allegations of sex and sexual orientation discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C § 2000e, *et seq*. Plaintiff worked for Defendant Youth Health Associates, Inc. (YHA) where she was promoted to Clinical Director in October 2018. In February 2019, Ms. Tracy announced her engagement to a woman. Seven weeks later Defendant terminated Plaintiff.

Prior to filing this suit, Ms. Tracy filed a Charge of Discrimination with the Utah Anti-Discrimination and Labor Division (UALD) on May 5, 2019. The UALD investigated the claim

---

[1] All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73. The court elects to decide the motion based on the written memoranda. *See* DUCivR 7-1(d).

and issued a decision concluding insufficient evidence supported Ms. Tracy's claim. The UALD noted certain facts uncovered during the investigation that supported its decision. These included Ms. Tracy missing review appointments, failing to provide updates regarding client care and progress, and missing individual and group therapy sessions. The UALD stated: "Based on complaints from outside referral agencies and poor performance that included poor documentation and missing individual and group therapy sessions, the executive team" made a decision to terminate Ms. Tracy's employment. Determination and Order p. 3, ECF No. 18-1.

Plaintiff filed the instant suit in July 2020. On October 5, 2020, the court entered a scheduling order setting the deadline for fact discovery as April 9, 2021. (ECF No. 13.) Plaintiff served her first set of written discovery requests in December 2020. Pertinent here is Interrogatory No. 19 that asked, "Please identify each individual and group therapy session you allege Tracy missed during the Relevant Period." Pla.'s First Set of Discovery Requests p. 8, ECF No. 18-1. Defendant responded providing that "while it maintains that Tracy did miss individual and group therapy sessions, it is not in possession of records identifying specific dates of such sessions." Supp. Responses p. 12-13, ECF No. 18-1.

After initially scheduling depositions for four employees of Defendant in February 2021, the parties stipulated to extend fact discovery to accommodate the taking of the depositions on April 23, 2021. Plaintiff alleges that it was at these depositions, where she first learned that Defendant allegedly fired her due to her attendance. According to Plaintiff, up until this time Defendant represented that that the firing was because of acting "'unprofessional' with an insurance provider and case workers." Mtn. p. 3, ECF No. 17.

LEGAL STANDARD

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir.2009) (quotations and citation omitted). "'The absence of prejudice to the opposing party does not constitute an affirmative showing of good cause to alter the schedule ordered by the court. The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.'" *Stevenson v. Salt Lake Cty.*, 2014 WL 1819660, at *2 (D. Utah May 7, 2014) (quoting *Sithon Maritime Co. v. Holiday Mansion,* 1999 WL 66216, at *7 (D.Kan. Feb. 8, 1999)).

The Tenth Circuit has set forth the following factors for courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

The court turns to considering those factors in this case.

DISCUSSION

While the court considers all of the factors, it has determined that factors relating to diligence and foreseeability are the most relevant in deciding Plaintiff's motion. These weigh heavily in favor of denying the motion. Plaintiff argues that she acted in good faith and learned

3

new information through depositions that justifies reopening fact discovery. The primary justification for reopening discovery is that Plaintiff "relied on the testimony and documents Defendant has provided since the complaint was filed saying Plaintiff was fired due to conflict." Mtn. p. 5. Defendant opposes Plaintiff's motion arguing she was aware of attendance issues in this case before fact discovery ended. The court agrees.

The record in this case, including that before the UALD, undermines Plaintiff's position. The UALD decision pointed to "missing individual and group therapy sessions" as part of the reason for Plaintiff's dismissal. In addition, Plaintiff's own discovery request sought information regarding therapy sessions she allegedly missed. Thus, it is clear from the record, that attendance issues have been part of this case since the filing with the UALD. At a minimum, this background should have put Plaintiff on notice that claims surrounding her attendance are part of this case. Further, this background made the need for discovery regarding Plaintiff's attendance foreseeable. In fact, it appears Plaintiff was aware of this issue from its own discovery request. Plaintiff had many opportunities to seek "video recordings and client notes from defendant", and her own telephone records from AT&T, prior to the close of fact discovery. *Id.* Failing to seek such information until now demonstrates a lack of diligence and Plaintiff offers no credible excuse for this failure. *See Stevenson*, 2014 WL 1819660, at *2 (noting the party seeking an extension must show some "reasonable basis for not meeting the deadline").

Turning to the other factors, trial is not imminent in this case, and other than monetary expenses, the prejudice to Defendant is minimal. Those weigh in favor of Plaintiff's motion. The likelihood that Plaintiff's proposed discovery would lead to relevant evidence also tips in her favor. Yet, taken together, these three factors do not outweigh the others that lean against granting Plaintiff's motion.

4

Accordingly, after weighing the required factors, the court declines Plaintiff's invitation to reopen fact discovery.

## ORDER

For the preceding reasons, the court DENIES Plaintiff's Motion to Amend.

DATED this 9 June 2021.

_____
Dustin B. Pead
United States Magistrate Judge